UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B, a minor, by and through his Parents and Guardians ad Litem, ADAM AND CORRIE BILLIET,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY SUPERINTENDENT OF SCHOOL, and CURTIS CREEK ELEMENTARY SCHOOL DISTRICT, and DOES 1 - 30, Inclusive,<br><br>Defendants. | Case No.  1:19-cv-00941-NONE-EPG<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>(ECF No. 31) |

On July 21, 2020, Plaintiff, J.B., a minor, by and through his parents and guardians ad litem, Adam Billiet and Corrie Billiet, filed a motion for approval of the settlement of a minor's claim. (ECF No. 31.) The Court, having reviewed the motion and the entire record in this case, and having extensive knowledge regarding the minor and the underlying circumstances of this case from proceedings in related case, *J.B. v. Tuolumne County Superintendent of School*, Case No. 1:19-cv-00858-NONE-EPG (E.D. Cal.) ("IDEA case"),[1] deemed the motion appropriate for decision upon the record and briefs on file under Local Rule 230(g). (ECF No. 36.)

---

[1] The Court takes judicial notice of the related case, *J.B. v. Tuolumne County Superintendent of School,* Case No. 1:19-cv-00858-NONE-EPG (E.D. Cal.). *See* Fed. R. Evid. 201(b), (c)(1). In this related case, Plaintiff appealed from an education

1

Having considered the petition, the terms of the settlement, and the record in this matter, the Court finds the proposed settlement to be fair and reasonable and in the best interests of Plaintiff, J.B. For the reasons set forth below, the Court recommends that the motion for approval of the settlement of a minor's claim (ECF No. 31) be approved and granted.

## I. BACKGROUND

Plaintiff initiated this action on July 9, 2019. (ECF No. 1.) The complaint raises claims for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*; and violation of Section 504 of the Rehabilitation Act of 1973 and its implementing regulations, 29 U.S.C. § 794(a) and 34 C.F.R. Part 104. (*Id.*) The case arises out of the alleged failure of Defendants to provide appropriate and warranted educational placement of J.B. in a residential treatment program, combined with additional services necessary for J.B. to both benefit from his education and learn, and keep himself and those around him safe from his dangerous and threatening behaviors resulting from his mental health and other disability-related conditions. (*Id.*)

In April 2020, the parties engaged in formal mediation with the Honorable Howard Matz (Ret.), but the case did not settle at that time. Settlement discussions continued following mediation, and the parties eventually arrived at a settlement, which has been approved by the relevant boards and self-insurance authority. (*See* ECF No. 32.)

## II. TERMS OF THE SETTLEMENT

Defendants have agreed to pay a lump sum payment in the amount of $300,000 for J.B.'s ADA and Rehabilitation Act claims. Under the settlement, the $300,000 is to be distributed as follows: $73,696 to J.B.'s parents for reimbursement of expenses for services provided to J.B. and for mediation services; $75,000 for attorney's fees; and $151,304 payable to Plaintiff's counsel's client trust fund account "for further payment to the special needs trust established by J.B.'s parents." (ECF

---

due process hearing and decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Plaintiff contended that the decision of the California Office of Administrative Hearings ("OAH") erred in several ways and should be overturned in part. Defendants cross-appealed, also contending that the OAH decision erred in several ways and should be overturned in part. *See J.B. v. Tuolumne County Superintendent of School,* Case No. 1:19-cv-00858-NONE-EPG (E.D. Cal.). The undersigned issued findings and recommendations in that case, which are currently pending review by a district judge.

No. 32 at 3-4; ECF No. 33 at 2-3.) J.B.'s parents are in the process of establishing the special needs trust and, once it is established, it will be under the supervision of the state superior court. (ECF No. 32 at 4; ECF No. 33 at 2-3.)

## II.     DISCUSSION

### A.  Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court.  Local Rule 202(b). Under Local Rule 202(b)(2), a motion for approval of a proposed settlement

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  However, in *Robidoux,* the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs'

3

counsel." *Id.* at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

### B. Analysis

Plaintiff, J.B., is a twelve-year old boy suing through his parents and guardians ad litem, Adam and Corrie Billiet. J.B. has suffered from severe emotional and behavioral struggles from an early age, including extreme and sudden violent behaviors since age five.

The causes of action to be compromised are alleged violations of Title II of the ADA and Section 504 of the Rehabilitation Act and its implementing regulations. These causes of action are based on the alleged failure of Defendants to provide appropriate and warranted educational placement of J.B. in a residential treatment program, combined with additional services necessary for J.B. to both benefit from his education and learn, and keep himself and those around him safe from his dangerous and threatening behaviors resulting from his mental health and other disability-related conditions. The details of these alleged failures are set forth in detail in the record of, and in the findings and recommendations issued in, the related IDEA case.

Plaintiff's counsel explains that he believes that settlement of the case is in the best interest of J.B. (ECF No. 33 at 1.) "Plaintiff's injuries are purely psychological and any damage calculation is complicated by Plaintiff's significant disabling condition." (*Id.* at 1-1.) Further, counsel represents that settlement is preferable to litigation "as the family has been engaged in contentious litigation for an extended period of time, in addition to attempting to address J.B.'s significant disabling condition." (*Id.* at 2.) Counsel also points out that because the parties have completed the administrative proceeding and extensive briefing in that matter, "all parties and counsel are sufficiently familiar with all the facts of the case to evaluate the propriety of settlement." (*Id.*) The Court is familiar with the extensive briefing in the IDEA case both before this Court and before the OAH and agrees that the parties are sufficiently familiar with the case to appropriately evaluate the propriety of settlement. Based on the foregoing, and the record in this and the related IDEA case, the Court agrees that settlement of the ADA and Rehabilitation Act claims is in the best interest of J.B. and that the settlement amount of $300,000 is reasonable.

Plaintiff is represented by attorneys Mandy G. Leigh, Jay T. Jambeck, and Damien Berkes

Troutman of the Leigh Law Group. These attorneys have represented Plaintiff throughout both the present proceeding and the IDEA case. The retainer agreement (ECF No. 33 at 10-16) is dated June 4 and 6, 2019.[2] The retainer agreement provides for a flat fee of $25,000 in addition to a contingency fee of any settlement or judgment received by Plaintiff, with the percentage of the contingency fee based on when the recovery is received. (*Id.* at 10, 12-13.) The contingency for recovery obtained after the filing of a lawsuit and an initial trial date has been set is 25%. (*Id.* at 12-13.) Based on the record, the Court finds that Plaintiff's counsel did not become involved in this matter at the instance of any party against whom the causes of action are asserted and does not stand in any relationship with that party. The Court finds the 25% contingency, in the amount of $75,000, in addition to the $25,000 flat fee already received by counsel, to be reasonable and appropriate.

As to the allocation of some of the settlement proceeds to reimburse J.B.'s parents, counsel explains that "J.B.'s parents have incurred substantial costs in order to attempt to provide J.B. with a free and appropriate education for purposes of Section 504 of the Rehabilitation Act and in order to attempt to provide J.B. equal access to his education." (ECF No. 33 at 2.) Counsel has attached a summary of the expenses incurred by J.B.'s parents. This summary demonstrates that the parents have incurred expenses to provide various essential services for J.B., including behavioral intervention, psychiatric, behavioral health, mental health, hospitalizations, ambulances, emergency room visits, educational assessments, consulting, goal writing, placement, expert witness trial testimony, and mediation. (ECF No. 33 at 5-7.) In addition, parents have incurred expenses such as interest on loans associated with the costs of services provided to J.B., and travel costs for the parents to visit J.B. (*Id.* at 7-8.) The total expenses incurred by J.B.'s parents is $73,696. (*Id.*) The Court finds that allocating $73,696 of the settlement to reimburse the parents for these expenses is reasonable and appropriate.

Finally, the settlement allocates the balance of the settlement funds, in the amount of $151,304, to be placed into a special needs trust to be monitored by a state superior court. Counsel explains that the parents are in the process of establishing the special needs trust and request that, until the trust is

---

[2] The retainer agreement refers to a previous retainer agreement, presumably for the period prior to June 2019, when Plaintiff's counsel represented Plaintiff prior to and during the due process proceeding before the California Office of Administrative Hearings ("OAH"). Counsel also received compensation under that previous retainer agreement.

set up, that the $151,304 be placed into the Leigh Law Group, P.C. client trust account "to be held until such time as the special needs trust has been formed and is under supervision by the state superior court. Once created, Leigh Law Group, P.C. shall deposit such funds into an account owned by the special needs trust." (ECF No. 33 at 2-3.)

Having considered the motion, the declaration of counsel and supporting exhibits, and the entire record of this case and the related IDEA case, the Court finds that the settlement is in the best interests of J.B. Accordingly, the Court will recommend approval of the motion.

### III.   RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS as follows:

1.  Plaintiff's motion for approval of settlement of a minor's claim (ECF No. 31) be GRANTED;

2.  Within thirty (30) days of entry of an order adopting these findings and recommendations, the $300,000 lump sum settlement funds be distributed as follows:

    a.  Reimbursement for costs in the amount of $73,696 to be paid to Plaintiff's parents, Adam and Corrie Billiet;

    b.  Attorneys' fees in the amount of $75,000 to be paid to Leigh Law Group, P.C.; and

    c.  The balance of $151,304 to be paid to the Leigh Law Group, P.C. client trust account for further payment to the special needs trust established by J.B.'s parents, which is to be monitored by the state superior court; and

3.  The parties be directed to file appropriate papers to dismiss or conclude this action in its entirety within sixty (60) days of entry of an order adopting these findings and recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 31, 2020__                              /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE